880

**In re Samuel M. JAMES, Petitioner.**

No. 662, 663.

United States Court of Appeals,
Federal Circuit.

Feb. 7, 2001.

Before MAYER, Chief Judge, BRYSON
and DYK, Circuit Judges.

ON PETITION FOR WRIT
OF MANDAMUS

DYK, Circuit Judge.

ORDER

Samuel M. James petitions for writs of
mandamus to direct the Court of Appeals
for Veterans Claims (1) to accept docu-
ments James presented in his counter-
designation of record and to reject the
Secretary of the Veterans Affairs' request
for exclusion of documents designated by
James and, (2) to order a refund of $861
plus interest from January 1977.

James argues that the Secretary's sub-
mission to the Veterans Court in opposi-
tion to his counter-designation should be
rejected because it was untimely, because
it contained "an outright misrepresenta-
tion," and because the Secretary failed to
contact him as required by the court's
rules. James additionally asserts that in
1977 the VA improperly deducted $1722 in
disability compensation as recoupment for
the amount of money he received in dis-
ability severance pay. He argues that the
VA should have deducted only one half of
his severance pay, and that he therefore is
owed a refund of $861, plus interest from
1977. James's appeal remains pending be-
fore the Veterans Court.

■ The traditional use of the writ of
mandamus in aid of appellate jurisdiction,
*see* 28 U.S.C. § 1651(a), "has been to con-
fine an inferior court to a lawful exercise of
its prescribed jurisdiction or to compel it
to exercise its authority when it is its duty
to do so." *Roche v. Evaporated Milk
Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87
L.Ed. 1185 (1943). A party who seeks a
writ bears the burden of proving that it
has no other means of attaining the relief
desired, *Mallard v. U.S. Dist. Court for
the Southern Dist. of Iowa,* 490 U.S. 296,

309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36, 101 S.Ct. 188.

 After review of the petitions and the accompanying documents, we conclude that James has failed to demonstrate that he is entitled to the extraordinary remedy of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The petitions for writ of mandamus are denied.

(2) Each party shall bear its own costs.